IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

STEVEN W. JONES,

    Petitioner,

v.                                    CIVIL ACTION NO.: CV209-125

BUREAU OF PRISONS; WILLIAM
T. TAYLOR, Acting Warden, FCI
Jesup; and HARLEY G. LAPPIN,
Director, Bureau of Prisons,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Steven Jones ("Jones"), who was formerly incarcerated at the Federal Satellite Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response. For the reasons which follow, Jones' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In July 2008, Jones pled guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). (Doc. No. 1, p. 4). Jones filed the instant petition while he was incarcerated at the Federal Satellite Camp in Jesup, Georgia. In his petition, Jones requested immediate release to a Community Correction Center ("CCC") or Residential Reentry Center ("RRC"). (Id. at p. 2). On January 4, 2010, Jones was transferred to the Ocala RRC. (Doc. No. 14-1, p. 1).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).

Because Jones has received the relief requested by his transfer to a RRC, there is no longer a live case or controversy to be litigated in this Court. A decision on the merits in Jones' favor would entitle him to no additional relief, and thus, he no longer has a personal stake in the outcome. See Lewis 494 U.S. at 477 (1990). Jones is not threatened with any actual injury that could be redressed by a favorable judicial outcome. See id.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jones' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE